QUYEN L. TA (SBN #229956)
qta@kslaw.com
SAMUEL R. DIAMANT (SBN #288738)
sdiamant@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendant*
Integrity Marketing Group, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRI NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>INTEGRITY MARKETING GROUP, LLC,<br><br>Defendant. | Case No. 4:23-cv-04877-JSW<br><br>**INTEGRITY MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Integrity Marketing Group, LLC ("Defendant" or "Integrity") hereby submits the following answer and defenses to Plaintiff's First Amended Complaint (the "Complaint"), ECF No. 18. Any allegations that are not specifically admitted herein are denied, including any allegations contained in the headings and unnumbered paragraphs in the Complaint.

Integrity responds to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

## I.   INTRODUCTION

1.   Answering Paragraph 1 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 1 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that Paragraph 1 is construed to contain factual allegations that require a response, the allegations are denied.

2.   Answering Paragraph 2 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 2 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that Paragraph 2 is construed to contain factual allegations that require a response, the allegations are denied.

3.   Answering Paragraph 3 of the Complaint, Integrity admits that Plaintiff has filed a complaint but expressly denies Plaintiff's claims are amenable to class treatment or that Plaintiff or anyone else is entitled to relief. Except as expressly admitted, Defendant denies any and all remaining allegations in Paragraph 3.

4.   Answering Paragraph 4 of the Complaint, Integrity admits that Plaintiff attempts to bring this action as a class action but expressly denies that Plaintiff's claims are amenable to class treatment. Except as expressly admitted, Integrity denies any and all remaining allegations in Paragraph 4.

## II. PARTIES

5. Answering Paragraph 5 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

6. Answering Paragraph 6 of the Complaint, Integrity admits that it is a limited liability company with a principal place of business in Texas.

## III. JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Complaint, Integrity admits Plaintiff purports to assert claims under the TCPA but expressly denies it violated the TCPA with respect to Plaintiff or anyone else. Except as expressly admitted, Integrity denies any and all remaining allegations in Paragraph 7 of the Complaint.

8. Integrity denies the allegations in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations. Integrity denies the remaining allegations of Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations. Integrity denies the remaining allegations of Paragraph 10 of the Complaint.

## IV. FACTS

**A.  The Enactment of the TCPA and its Regulations**

11. Answering Paragraph 11 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 11 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 11 are construed to contain factual allegations that require a response, the allegations are denied.

12. Answering Paragraph 12 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 12 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 12 are construed to contain factual allegations that require a response, the allegations are denied.

13. Answering Paragraph 13 of the Complaint, Integrity admits that the National Do Not Call Registry allows consumers to register their telephone numbers. The remaining allegations of Paragraph 13 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 13 are construed to contain factual allegations that require a response, the allegations are denied.

14. Answering Paragraph 14 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 14 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 14 are construed to contain factual allegations that require a response, the allegations are denied.

15. Answering Paragraph 15 of the Complaint, Integrity admits that Congress enacted the Telephone Consumer Protection Act which speaks for itself. The remaining allegations of Paragraph 15 are argument and/or legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 15 are construed to contain factual allegations that require a response, the allegations are denied.

**B.     Defendant's Unsolicited Telemarketing to Plaintiff**

16. Answering Paragraph 16 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

17. Answering Paragraph 17 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

18. Answering Paragraph 18 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

19. Answering Paragraph 19 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

20. Answering Paragraph 20 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

21. Answering Paragraph 21 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

22. Answering Paragraph 22 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

23. Integrity denies the allegations in Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of the Complaint, Integrity lacks the knowledge or information sufficient to admit or deny the allegations regarding Plaintiff Nichols, and on that basis, denies those allegations.

25. Integrity denies the allegations in Paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 are legal conclusions to which no response by Integrity is required. To the extent that the remaining allegations of Paragraph 26 are construed to contain factual allegations that require a response, the allegations are denied.

27. Answering Paragraph 27 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

28. Answering Paragraph 28 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

29. Answering Paragraph 29 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

30. Answering Paragraph 30 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

31. Answering Paragraph 31 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

32. Answering Paragraph 32 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

33. Answering Paragraph 33 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

34. Answering Paragraph 34 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

35. Answering Paragraph 35 of the Complaint, Integrity admits that PlanEnroll.com is a brand operated by Integrity and is used by its affiliated licensed insurance agencies that are certified to sell Medicare products.

36. Integrity denies the allegations in Paragraph 36 of the Complaint.

37. Answering Paragraph 37 of the Complaint, Integrity lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

38.     Answering Paragraph 38 of the Complaint, Integrity admits that MedicareEnroll.com is a brand operated by Integrity and is used by its affiliated licensed insurance agencies that are certified to sell Medicare products.

39.     Integrity denies the allegations in Paragraph 39 of the Complaint. Integrity further states that neither Integrity, nor its employees, place telephone calls to consumers and have never called Plaintiff.

40.     Integrity denies the allegations in Paragraph 40 of the Complaint.

41.     Integrity admits the allegations in Paragraph 41 of the Complaint.

42.     Integrity denies the allegations in Paragraph 42 of the Complaint.

43.     Answering Paragraph 43 of the Complaint, Integrity denies that it has ever admitted to calling Plaintiff or otherwise engaging in "telemarking conduct" with any consumers. Answering further, Integrity affirmatively states that on October 9, 2023, Integrity, through its counsel, provided Plaintiff's counsel a TCPA Report from Jornaya, a neutral third-party platform, showing that Plaintiff provided her name and phone number to the website go247health.com and provided express consent to receive telemarketing calls.

44.     Integrity denies the allegations in Paragraph 44 of the Complaint.

45.     Integrity denies the allegations in Paragraph 45 of the Complaint.

### V.     CLASS ACTION ALLEGATIONS

46.     Answering Paragraph 46 of the Complaint, Integrity denies that this action can proceed as a class action, that the proposed class definition is appropriate, or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23 or could meet those requirements however any proposed class were defined.  Defendant denies any and all remaining allegations stated in Paragraph 46.

47.     Answering Paragraph 47 of the Complaint, Integrity denies that this action can proceed as a class action, that the proposed class definition is appropriate, or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23 or could meet those requirements however any proposed class were defined.  Defendant denies any and all remaining allegations stated in Paragraph 47.

48. Answering Paragraph 48 of the Complaint, Integrity denies that this action can proceed as a class action, that the proposed class definition is appropriate, or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23 or could meet those requirements however any proposed class were defined. Defendant denies any and all remaining allegations stated in Paragraph 48.

49. Integrity denies the allegations in Paragraph 49 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

50. Integrity denies the allegations in Paragraph 50 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

51. Integrity denies the allegations in Paragraph 51 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

52. Integrity denies the allegations in Paragraph 52 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

53. Integrity denies the allegations in Paragraph 53 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

54. Integrity denies the allegations in Paragraph 54 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

55. Integrity denies the allegations in Paragraph 55 of the Complaint, including its subparts. Integrity denies that Plaintiff's claims are amenable to class treatment.

56. Integrity denies the allegations in Paragraph 56 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

57. Integrity denies the allegations in Paragraph 57 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

58. Integrity denies the allegations in Paragraph 58 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

59. Integrity denies the allegations in Paragraph 59 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

60. Integrity denies the allegations in Paragraph 60 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

61. Integrity denies the allegations in Paragraph 61 of the Complaint. Integrity expressly denies that Plaintiff's claims are amenable to class treatment.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

62. In response to Paragraph 62 of the Complaint, Integrity incorporates by reference its responses set forth in the preceding Paragraphs as if fully set forth herein.

63. Integrity denies the allegations in Paragraph 63 of the Complaint.

64. Integrity denies the allegations in Paragraph 64 of the Complaint.

65. Integrity denies the allegations in Paragraph 65 of the Complaint.

66. Integrity denies the allegations in Paragraph 66 of the Complaint.

## PRAYER FOR RELIEF

Integrity denies that Plaintiff or the Putative Class Members are entitled to any relief or remedy whatsoever, including, without limitation, certification of a class action or any relief sought in subparts A through G. Integrity expressly denies that Plaintiff's claims are amenable to class treatment. Integrity denies any remaining allegations in the Prayer for Relief, including its subparts.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, Integrity pleads the following separate defenses. The foregoing defenses are based on Integrity's knowledge, information, and belief at this time. Integrity intends to rely upon other such defenses as may become apparent or legally available at a subsequent stage of this action, and hereby reserves its right to amend, modify, or supplement any defense contained in this Answer to assert other such defenses as information is gathered through discovery and investigation:

**FIRST DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Integrity because Integrity did not make or cause to be made any phone calls to Plaintiff.

**SECOND DEFENSE**

**(Failure to Join Party or Name Proper Defendant)**

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

**THIRD DEFENSE**

**(Reasonable Practices)**

Any and all claims brought in the Complaint are barred in whole or in part because Integrity has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

**FOURTH DEFENSE**

**(Consent)**

Plaintiff's claims are barred because Plaintiff provided prior consent for any alleged calls within the meaning of the TCPA.

**FIFTH DEFENSE**

**(Established Business Relationship)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff had an established business relationship with the individual(s) who contacted her.

**SIXTH DEFENSE**

**(Use of Phone for Business)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff used the cell phone numbers at issue for business purposes.

**SEVENTH DEFENSE**

**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties for which Integrity cannot be held vicariously liable.

**EIGHTH DEFENSE**

**(Compliance with 47 C.F.R. § 64.1200(c)(2)(i))**

Even assuming Integrity were the correct defendant, though it is not, any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Integrity meets the standards for the safe harbor set forth in 47 C.F.R. § 64.1200(c)(2)(i).

**NINTH DEFENSE**

**(Acquiescence, Estoppel, Waiver, Unclean Hands)**

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Integrity or anyone else because she voluntarily provided her telephone number for the purpose of receiving calls like the ones referenced in the Complaint.

**TENTH DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff is barred from asserting her claims in whole or in part by his failure to mitigate damages.

**ELEVENTH DEFENSE**

**(No Proximate Cause)**

Integrity did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent that any harm occurred, the acts of third parties (such as independent contractor agents, vendors, Plaintiff herself, or other persons who provided the number on which Plaintiff was allegedly contacted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

**TWELFTH DEFENSE**

**(Standing)**

Plaintiff lacks standing to bring the claims alleged in the Complaint, especially against Integrity not least because any harm allegedly caused by the alleged phone calls at issue is not fairly traceable to any violation allegedly committed by Integrity, as required by *Spokeo, Inc. v. Robins*, 575 U.S. 982 (2015).

**THIRTEENTH DEFENSE**

**(Due Process)**

The imposition of liability under the TCPA on Integrity based on facts alleged, including the imposition of statutory damages on Integrity, would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

**FOURTEENTH DEFENSE**

**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment to the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. Integrity cannot be penalized to the extent violations were committed pursuant to an unconstitutional statute.

**FIFTEENTH DEFENSE**

**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the Federal Communication Commission's delegated authority.

**SIXTEENTH DEFENSE**

**(Major Questions Doctrine)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the Federal Communication Commission's authority as a major question properly committed to Congress.

## SEVENTEENTH DEFENSE

### (No Lead Plaintiff)

Plaintiff's TCPA class claims are barred because Plaintiff is not a proper named plaintiff to lead the proposed class as Plaintiff defines the class in the Complaint.

## EIGHTEENTH DEFENSE

### (Improper Class)

Plaintiff's TCPA class claims are barred because the proposed class definition fails to comport with the class-action-certifications requirements of the Federal Rules of Civil Procedure and governing caselaw.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Integrity reserves the right to raise any additional defenses, counterclaims, and third-party claims not asserted here of which they may become aware of during discovery in this litigation. Integrity accordingly reserves the right to amend this Answer to assert any such defenses as well as to seek other forms of affirmative relief.

## PRAYER FOR RELIEF

Integrity, having fully answered Plaintiff's Complaint, respectfully requests the following:

That the Complaint be dismissed with prejudice;

That judgment be entered in Defendant's favor;

That all costs be taxed against Plaintiff;

That Defendant recover reasonable attorneys' fees; and

That Defendant receive any other relief as the Court deems proper.

DATED:  December 1, 2023

KING & SPALDING LLP

By: /s/ Quyen L. Ta
    Quyen L. Ta
    Samuel R. Diamant

*Attorneys for Defendant*
*Integrity Marketing Group, LLC*